UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES FALLIS,<br><br>           Plaintiff,<br><br>   v.<br><br>FORD MOTOR COMPANY,<br><br>           Defendant. | Case No. 21-cv-05617-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 29 |

Pending before the Court is Defendant Ford Motor Company's motion to dismiss Plaintiff's first amended complaint. Dkt. No. 29 ("Mot."). Plaintiff opposes portions of the motion, Dkt. No. 30 ("Opp."), and Defendant replied to Plaintiff's opposition, Dkt. No. 31 ("Reply"). The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the following reasons, the Court **GRANTS IN PART AND DENIES IN PART** the motion to dismiss.

**I.     BACKGROUND**

Plaintiff alleges that he was injured by a "park-to-reverse" defect in a car designed and manufactured by Defendant.[1] *See* Dkt. No. 24 ("FAC") ¶¶ 17-20. Plaintiff further alleges that Defendant knew or should have known of the defect, in part because the Automobile Industry has been aware of the unique danger since at least the 1960's. *See id.* ¶ 13. Plaintiff's employer owned the car at issue, and Plaintiff used it as a part of his employment. *Id.* ¶¶ 16, 65. Plaintiff

---

[1] According to Plaintiff, a park-to-reverse defect can result in the operator "inadvertently [placing] the shift selector between the intended park and reverse gear positions," causing a delayed engagement of powered reverse or making the car roll as if in neutral. FAC ¶ 11. Plaintiff alleges that a park-to-reverse defect can be caused "when there is inadequate mechanical force provided by the automatic transmission" or "when roll pins and other gear selector clips are missing or not properly secured." *Id.* ¶ 10.

brings the following causes of action under California law: (1) strict liability (failure to warn and instruct); (2) strict liability (design defect); (3) strict liability (manufacturing defect); (4) negligence; (5) breach of implied warranty; and (6) breach of express warranty.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

Even if the court concludes that a 12(b)(6) motion should be granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted).

## III. DISCUSSION

### A. First and Sixth Causes of Action

Plaintiff agrees with Defendant that his first and sixth causes of action can be dismissed. *See* Mot. at 4-9, Opp. at 1, Reply at 1. Accordingly, the Court **GRANTS** Defendant's motion to

dismiss Plaintiff's claims for strict liability for failure to warn and breach of express warranty.

## B. Punitive Damages

Defendant moves to dismiss Plaintiff's claim for punitive damages on the grounds that Plaintiff fails to allege adequate supporting facts. *See* Mot. at 10; Reply at 4-8. Defendant cites Cal. Civ. Code § 3294, which allows for punitive damages only when "it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice" and limits corporate employer liability to instances where an officer, director, or managing agent has advance knowledge and consciously disregards, authorizes, or ratifies the wrongful conduct. In response, Plaintiff argues that a Rule 12(b)(6) motion is not the proper vehicle to challenge a punitive damages claim and that his allegations satisfy federal pleading standards. *See* Opp. at 2-6.

As an initial matter, Defendant properly brought its motion under Rule 12(b)(6). *See, e.g.*, *Opperwall v. State Farm Fire & Cas. Co.*, No. 17-cv-07083-YGR, 2018 WL 1243085, at *5 (N.D. Cal. Mar. 9, 2018) (holding that the proper medium for challenging the sufficiency of punitive damages allegations is Rule 12(b)(6), not 12(f)) (citing *Kelley v. Corrections Corp. of America*, 750 F. Supp. 2d 1132, 1146 (E.D. Cal. 2010)).

In the Court's view, Plaintiff's first amended complaint contains factual allegations that could plausibly lead to a finding that Defendant acted with oppression, fraud, or malice. Malice means "conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others." Cal. Civ. Code § 3294(c)(1). Plaintiff alleges, first, that it was general knowledge in the automobile industry that park-to-reverse defects can be fatal and must be guarded against and, second, that Defendant was aware of the "defective design characteristics that plagued the subject vehicle". Dkt. No. 24 at ¶¶ 13, 79. Construing the complaint in the light most favorable to Plaintiff, he plausibly pleads that Defendant knew of the alleged park-to-reverse defect and its potential for catastrophic injury but chose to ignore it. *See, e.g.*, *id.* at ¶¶ 13, 14, 22-26, 79. To the extent Plaintiff's claims are based on an employer's vicarious liability, the Court finds that Plaintiff has also plausibly alleged that one or more of Defendant's managing agents had advance knowledge of and consciously disregarded, authorized, or ratified the sale of a

3

dangerously defective, mass-produced car. Whether Plaintiff will be able to show an actual entitlement to punitive damages is for a later day. For now, Plaintiff has pled enough facts to state a claim for relief that is plausible on its face.

## IV. CONCLUSION

The Court **GRANTS** Defendant's motion to dismiss Plaintiff's first and sixth causes of action and dismisses those claims **WITH PREJUDICE**, and **DENIES** Defendant's motion to dismiss Plaintiff's claim for punitive damages. The previously scheduled telephonic case management conference will still be held on February 24, 2022 at 2:00 PM.

**IT IS SO ORDERED.**

Dated: 2/23/2022

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge